IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MP GLOBAL PRODUCTS, LLC, a Nebraska Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>OLD WORLD STONE IMPORTS, LLC, a Utah Limited Liability Company,<br><br>Defendant. | CASE NO. 8:05CV165<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on a Motion to Dismiss (Filing No. 17) pursuant to Fed. R. Civ. Pro. 12(b)(2) and 12(b)(3) based on the Court's alleged lack of personal jurisdiction over Defendant Old World Stone Imports ("Old World Stone") and improper venue.[1] The Court grants Old World Stone's Motion to Dismiss, but on different grounds. The Amended Complaint must be dismissed because it fails to demonstrate that the Court has subject matter jurisdiction. See *State of Mo. ex rel. Missouri Highway and Transp. Comm'n v. Cuffley,* 112 F.3d 1332, 1334 (8th Cir. 1997) (stating federal courts have a duty to raise subject matter jurisdiction sua sponte even when the parties do not raise the issue).

The Amended Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332; however, both Plaintiff MP Global Products ("MP Global") and Defendant Old World Stone each are a limited liability company ("LLC"). (Filing No. 16 "Amended Complaint" ¶¶ 1, 2; Filing No. 20 "Support Brief" at 2). LLCs are treated differently from corporations for diversity jurisdiction purposes. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004); *see also* 28 U.S.C. § 1332(c)(1) (limiting

---

[1] Defendant Old World Stone's Motion to Dismiss the original Complaint (Filing No. 5) is denied as moot.

its application to corporations).  The Eighth Circuit Court of Appeals has determined that for diversity jurisdiction purposes, the citizenship of an LLC is that of its members.  *GMAC,* 357 F.3d. at 829.  The Amended Complaint fails to disclose MP Global's and Old World Stone's members and each members' citizenship.  Therefore, the Amended Complaint is dismissed because it is insufficient under Fed. R. Civ. Pro. 8(a), which requires a Complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."  The Court grants MP Global 10 days from the date of this order to amend the Amended Complaint to demonstrate that the Court has subject matter jurisdiction.

Until the Court is satisfied that there is subject matter jurisdiction, it is unnecessary to consider the other issues raised in Old World Stone's motion.

IT IS ORDERED:

1) Defendant Old World Stone Import's Motion to Dismiss (Filing No. 5) is denied as moot;

2) Defendant Old World Stone Import's Motion to Dismiss (Filing No. 17) is granted; and

3) The Court grants Plaintiff MP Global Products 10 days from the date of this Order to amend the Amended Complaint to demonstrate that there is complete diversity between the members of MP Global Products and Old World Stone.

DATED this 24th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge